UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EMMANUEL PIERRE,

                Petitioner,

    -against-                                              08 Civ. 10849 (LAK)

ROBERT ERCOLE,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

LEWIS A. KAPLAN, *District Judge.*

        Petitioner Emmanuel Pierre seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He now moves to amend his petition.

*Background*

        On May 12, 2005, petitioner was convicted by a jury in the Supreme Court of the State of New York, New York County, of one count of murder in the second degree and sentenced principally to a term of imprisonment of twenty-five years to life. He appealed to the Appellate Division, asserting five grounds for relief. The Appellate Division affirmed the conviction on June 21, 2007.[1] The New York Court of Appeals denied leave on August 30, 2007.[2] Petitioner's

---

[1] *People v. Pierre*, 41 A.D.3d 289, 838 N.Y.S.2d 546 (1st Dep't 2007).

[2] *People v. Pierre*, 9 N.Y.3d 880, 842 N.Y.S.2d 792 (2007).

2

conviction became final ninety days later when he did not file a petition for a writ of certiorari.[3] Petitioner then timely filed a petition for a writ of habeas corpus with this Court, which raised the same grounds for relief as in his state court appeal. He simultaneously requested a stay to exhaust his state court remedies. This Court denied the motion for a stay without prejudice, as the petition presented no unexhausted claims.[4]

Petitioner has since filed a CPL § 440.10 motion in the Supreme Court of the State of New York, New York County. He there claims that his trial counsel provided ineffective assistance by failing to (1) advise petitioner of his right to waive trial by jury and opt for a bench trial, (2) investigate properly petitioner's claim of actual innocence, and (3) object to the court's exclusion of the statements of two unavailable witnesses.[5] Petitioner now seeks leave to amend his habeas petition by adding these claims. The Court construes the motion also as a renewal of petitioner's motion for a stay.[6]

*Discussion*

1.   *Leave to Amend*

A motion to amend a habeas petition is analyzed under the standards set forth in

---

[3] *See* 28 U.S.C. § 2244(d)(1); SUP. CT. R. 13; *see also Clay v. United States*, 537 U.S. 522. 527-28 (2003).

[4] *See Pierre v. Ecole*, 594 F. Supp.2d 469 (S.D.N.Y. 2009).

[5] Memorandum of Law in Support of CPL § 440.10 Motion, dated Feb. 10, 2009, at 1-2.

[6] *See In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008) (noting that courts should construe pleadings and motions of *pro se* litigants liberally).

3

Federal Rule of Civil Procedure 15(a).[7] Under Rule 15(a), a party may amend its pleading once as a matter of course before being served with a responsive pleading. Even after being served, courts "should freely give leave [to amend] when justice so requires."[8] Additionally, the Second Circuit has emphasized that a *pro se* filing "is to be read liberally" and that a court should not dismiss a petition or complaint without "granting leave to amend at least once when a liberal reading of the [filing] gives any indication that a valid claim might be stated."[9] A district court, however, may properly deny leave when amendment would be futile.[10]

Petitioner first seeks to amend the petition to assert an ineffective assistance claim based on trial counsel's alleged failure to advise petitioner of his right to waive his right to a jury trial.[11] To prevail on an ineffective assistance of counsel claim, petitioner must establish both that (1) his counsel's performance "fell below an objective standard of reasonableness" and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."[12] Here the Court assumes the truth of the allegation that

---

[7] *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002).

[8] FED. R. CIV. P. 15(a)(1)-(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[9] *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

[10] *Id.*

[11] Under New York law, a criminal defendant, except when charged with first degree murder, has a statutory right to waive a jury and insist on a bench trial. *See* N.Y. CRIM. PROC. § 320.10 (McKinney 2002); *see also People v. Saunders*, 19 A.D.3d 744, 744-45, 796 N.Y.S.2d 446, 447 (3d Dep't 2005).

[12] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

4

trial counsel failed to advise petitioner of his right to a non-jury trial and assumes further, without deciding, that this failure fell below an objective standard of reasonableness. Nevertheless, there is no reason to suppose that the outcome of the trial would have been different if petitioner had elected a non-jury trial. Accordingly, petitioner cannot meet the prejudice prong of the *Strickland* test with respect to this claim. Amendment to assert this claim therefore would be futile.

Petitioner next seeks to amend his claim of ineffective assistance to assert that counsel failed to investigate thoroughly petitioner's claim of actual innocence. Petitioner correctly notes that he raised this claim in his original petition. He there stated that he had "unearthed evidence of actual innocence" and faulted his defense attorney for failing to "conduct[] a simple investigation." Thus, petitioner seeks to amend only by providing further discussion of the facts and law supporting the claim. Petitioner therefore will be permitted to amend this aspect of his petition.[13]

Finally, petitioner seeks to amend the claim that his trial counsel was ineffective because he failed to object to the trial court's exclusion of the statements of two unavailable witnesses, a contention that does not appear to have been raised in the original petition. As the one year statute of limitations for filing a petition for habeas relief has expired, this claim is untimely unless it "relates back" to a claim asserted in the original petition.[14] In other words, the new claim

---

[13] To whatever extent petitioner is asserting an actual innocence claim independent of his ineffective assistance of counsel claim leave to amend is denied. Claims of actual innocence "have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993).

[14] *See Mayle v. Felix*, 545 U.S. 644, 649 (2005); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (although statute of limitations is an affirmative defense under 28 U.S.C. § 2244(d)(1), courts may raise the issue *sua sponte*).

must arise out of the same "conduct, transaction, or occurrence" as a claim set out in the original petition.[15] That both claims challenge the same conviction is not enough; an amendment does not relate back if it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."[16]

Petitioner's claim that his trial counsel was ineffective by failing to object to the trial court's exclusion of two witness statements arises out of the same set of operative facts as the due process claim in the original petition. Both are based on the exclusion of statements by the same two unavailable witnesses who, petitioner alleges, would have supported the defense theory that the victim was murdered when petitioner was out of state. Thus, although this ineffective assistance claim is based on a new theory of relief, it arises from facts set out in the original petition. The Court concludes this claim relates back and may be asserted in the amended petition.[17]

2.   *Motion for a Stay*

The Court has the discretion to grant a stay only if: (a) good cause exists for the petitioner's failure to exhaust his claims in state court, (b) the unexhausted claims are potentially meritorious, and (c) the petitioner did not engage in intentionally dilatory litigation tactics.[18] Here, petitioner is attempting to exhaust his claims in state court. He first filed a federal habeas petition

---

[15]  Fed. R. Civ. P. 15(c)(1)(B).

[16]  *Mayle*, 545 U.S. at 650.

[17]  *See Serrano v. Burge*, No. 03 Civ. 8639 (RMB)(RLE), 2005 WL 2063765, at *4 (S.D.N.Y. Aug. 22, 2005).

[18]  *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

6

to protect his unexhausted claims and soon thereafter filed his CPL § 440.10 motion.[19] At this stage, the Court cannot say that petitioner's claims – other than his claim based on his right to waive trial by jury – are not potentially meritorious. Nor is petitioner engaging in intentionally dilatory tactics. Accordingly, petitioner's motion for a stay is granted.

*Conclusion*

Petitioner's motion to amend his habeas petition is granted to the extent that the petition is deemed amended to include his claim of ineffective assistance of counsel based on alleged failures to (1) investigate properly petitioner's claim of actual innocence and (2) object to the trial court's exclusion of the statements of two unavailable witnesses. The motion is denied in all other respects. The proceeding is stayed pending the exhaustion of petitioner's state remedies and transferred to the suspense docket. Petitioner shall move to lift the stay in this Court within 30 days of receiving a final order from the state court.

SO ORDERED.

Dated:   April 15, 2009

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[19] *See Haynes v. Ercole*, No. 08-CV-3643 (JFB), 2009 WL 580435, at *1 (E.D.N.Y. 2009) (good cause exists when petitioner files protective petition to ensure timeliness of claims).